CHARLES N. SHEPHARD (SBN 078129)
GREENBERG GLUSKER FIELDS CLAMAN
MACHTINGER & KINSELLA LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Respondent, Nippon Herald Films, Inc.

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Arbitration Between | Case No. CV 04-9951 AHM (RZx) |
| NEW REGENCY PRODUCTIONS, INC., | [PROPOSED] ORDER VACATING ARBITRATION AWARD |
| Petitioner, | THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |
| and | |
| NIPPON HERALD FILMS, INC., | |
| Respondent. | |

FILED CLERK, U.S. DISTRICT COURT
JAN 1 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ENTERED CLERK, U.S. DISTRICT COURT
JAN 1 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

The motion of New Regency Productions, Inc. ("New Regency") to confirm the Arbitrator's Award, Supplemental Arbitrator's Award, and 2nd Supplemental Arbitrator's Award (collectively, "the Award") in American Film Marketing Association Arbitration No. 03-88, and the cross-motion of Nippon Herald Films, Inc. ("Nippon Herald") to vacate the Award, came on regularly for hearing on January 10, 2005.  New Regency was represented by Howard Horwitz of Oberstein, Kibre & Horwitz LLP.  Nippon Herald was represented by Charles N. Shephard of Greenberg Glusker Fields Claman Machtinger & Kinsella LLP.

The Court, having considered the papers filed by the parties in connection with the cross-motions, and having heard the argument of counsel at the hearing, hereby orders as follows:

1.  The motion of New Regency to confirm the Award is denied;

2.  The cross-motion of Nippon Herald to vacate the Award is granted; and

3.  The Award is vacated in its entirety.

In vacating the Award, the Court finds that the arbitrator failed to make disclosures which were required of him concerning new employment which he began before the arbitration was concluded, as more fully addressed by the Court at the hearing of this matter.

//
//
//
//
//

The Court is not making a ruling, one way or the other, on the alternative ground asserted by Nippon Herald to vacate the Award – i.e., Nippon Herald's assertion that the arbitrator exceeded his powers.

Date: January 14, 2005

_____
A. Howard Matz
United States District Judge

Submitted by:

GREENBERG GLUSKER FIELDS
CLAMAN MACHTINGER &
KINSELLA LLP

By: _____
Charles N. Shephard
Attorneys for Respondent
Nippon Herald Films, Inc

# PROOF OF SERVICE
*1013A (3) CCP Revised 5/1/88*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On January 13, 2005, I served the foregoing document described as **[Proposed] Order Vacating Arbitration Award** on the interested parties in this action.

_     by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

X     by placing _ the original _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

Howard L. Horwitz, Esq.
Oberstein, Kibre & Horwitz LLP
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

**BY MAIL:**

_     I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

_     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 13, 2005, at Los Angeles, California.

**BY PERSONAL SERVICE:**

X     I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on January 13, 2005, at Los Angeles, California.

_ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X (Fed)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Eleanor J. Jarvis           _Eleanor J. Jarvis_
                                                Signature